UNITED STATES DIRSTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EDLEY GAYLE,

                Plaintiffs,

            - against -

NATIONAL RAILROAD PASSENGER CORP.,
et al.,

                Defendants,
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09 MAR 2010

06 Civ. 6956 (PAC) (GWG)

ORDER ADOPTING R&R

This Order also applies to the following cases:

Adornetti v. National Railroad Passenger Corp., et al., 06 Civ. 6195
Vitale v. National Railroad Passenger Corp., et al., 06 Civ. 6196

HONORABLE PAUL A. CROTTY, United States District Judge:

       The three consolidated actions in this matter involve claims for personal injuries allegedly suffered when a crane operator lost control of the crane he was operating while working on a construction project along a line of track running through the East River Tunnel in New York City. The issue before the court is whether Atlantic Crane Inspection Services, Inc. ("Atlantic"), the entity responsible for inspecting the crane, can be held liable for negligence. Atlantic moves for summary judgment on all claims and crossclaims asserted against it in Gayle v. National Railroad Passenger Corp., et al., No. 06 Civ. 6956 (the "Gayle Action"); Adornetti v. National Railroad Passenger Corp., et al., No. 06 Civ. 6195; and Vitale v. National Railroad Passenger Corp., et al., No. 06 Civ. 6196.

       The Court assumes the parties' familiarity with the underlying facts and the procedural history of the cases, also available in Magistrate Judge Gorenstein's Report

1

and Recommendation ("R&R") at <u>Gayle v. Nat'l R.R. Passenger Corp.</u>, 06 Civ. 6956(PAC)(GWG), 2010 WL 430948, at *1-6 (S.D.N.Y. Feb. 8, 2010). In brief, the National Railway Passenger Corporation engaged Atlantic to conduct safety inspections of the crane involved in the accident for compliance with regulations promulgated by the Occupational Safety and Health Administration ("OSHA"). The parties asserting claims and crossclaims against Atlantic (the "non-movants") contend that prior to the accident on July 10, 2004, Atlantic issued an improper certification for the crane, failed to test the crane's hydraulic fluids, failed to follow the proper inspection guidelines, and neglected to inspect the crane for the three months preceding the accident. According to the non-movants, these shortcomings give rise to actionable negligence.

The Court referred the general pretrial matters in these three cases to Magistrate Judge Gorenstein in August and October, 2006. Atlantic filed substantively identical motions for summary judgment in all three cases on July 17, 2009, seeking dismissal of all claims and crossclaims asserted against it. The Plaintiff in the <u>Gayle</u> action and several of Atlantic's co-defendants opposed the motion. Magistrate Judge Gorenstein issued his R&R on February 8, 2010, recommending that the Court grant Atlantic's motions for summary judgment. The R&R provided fourteen days to file written objections pursuant to 28 U.S.C. § 636(b)(i) and Rule 72(b) of the Federal Rules of Civil Procedure. The R&R specifically advised that if a party failed to file timely objections, "that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (R&R at 25.) No objections have been filed.

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Upon review and analysis, the Court finds no clear error and agrees with Magistrate Judge Gorenstein's determinations that:

1) Based on the evidence presented, no reasonable jury could find that Atlantic was obligated to test the crane's hydraulic fluid.

2) Based on the evidence presented, no reasonably jury could find that Atlantic breached its duty of care by failing to follow the "Mobile Crane Inspection Guidelines for OSHA Compliance Officers."

3) While Atlantic breached its duty of care in issuing an improper certification for the crane on April 19, 2004, there is no admissible evidence that Atlantic's improper certification was a proximate cause of the accident.

4) While there is sufficient evidence for a jury to find that Atlantic breached its duty of care in failing to inspect the crane between May and July of 2004, the non-movants have not met their burden to show that Atlantic's failure to inspect the crane was a proximate cause of the accident.

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion. Atlantic's motions for summary judgment are GRANTED. All claims against Atlantic are DISMISSED. The Clerk is directed to terminate the motions at Docket # 130 in 06 Civ. 6956; Docket # 146 in 06 Civ. 6195; and Docket # 148 in 06 Civ. 6196.

New York, New York
March 9, 2010

SO ORDERED
Paul Crotty
USDJ

3